## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



### ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, PC
Indianapolis, Indiana

### ATTORNEY FOR APPELLEE

Kathleen M. Sweeney
Sweeney Hayes, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kirsten L. Nolan,

*Appellant-Respondent,*

v.

Matthew A. Huff,

*Appellee-Petitioner.*

August 24, 2015

Court of Appeals Case No.
49A04-1412-DR-565

Appeal from the Marion Superior Court;
The Honorable Patrick L. McCarty, Judge;
49D03-1209-DR-36714

**May, Judge.**

[1] Kirsten L. Nolan ("Mother") appeals the trial court's modification of custody. As the trial court should not have modified custody without determining whether there was a substantial change in circumstances or whether the change of custody was in the best interest of the children, we reverse and remand.

## Facts and Procedural History

[2] Mother and Matthew A. Huff ("Father") were married on August 9, 2003. They had two children and were divorced on March 25, 2014. Prior to the final dissolution hearing, Mother requested permission to relocate from Indianapolis to Colorado, but the court did not approve relocation. The court approved the parties' custody and visitation agreement that called for joint legal custody, primary physical custody with Mother, and weekly visitation for Father as follows:

> a.     Alternating weekends from Friday at 5:00 p.m. until Sunday at 7:00 p.m.
>
> b.     On the weeks preceding [Father's] alternating weekends, Tuesdays at 4:30 p.m. overnight until 8:00 a.m. on Wednesday morning;
>
> c.     On the weeks preceding [Mother's] alternating weekends, Tuesdays from 4:30 p.m.-7:30 p.m. and Thursday from 4:30 p.m. overnight until 8:00 a.m. on Friday morning;

(App. at 14.)

[3] On May 12, 2014, after the decree was entered, Mother filed another notice of intent to relocate, this time from Indianapolis to Seymour, Indiana. Father filed a motion opposing relocation. At a hearing on her motion, Mother testified she would be moving in with her parents and possibly her boyfriend

("Boyfriend").[1] At the hearing, on June 6, 2014, Father submitted as Exhibit A, in the event Mother was allowed to relocate, a modified proposal for visitation that gave Father sixteen overnights per month and Mother fifteen. On November 10, 2014, the court granted Mother's request to relocate, accepted Father's proposal for visitation, and assigned Father primary physical custody.[2]

## Discussion and Decision

[4] "Child custody determinations fall within the sound discretion of the trial court, and the trial court's determination will not be disturbed upon appeal absent a showing of abuse of that discretion." *Francies v. Francies*, 759 N.E.2d 1106, 1115-16 (Ind. Ct. App. 2001), *trans. denied.* As we review a trial court's order to modify custody, we may not reweigh the evidence or judge the credibility of the witnesses. *Green v. Green*, 843 N.E.2d 23, 26 (Ind. Ct. App. 2006), *trans. denied*. We consider the evidence most favorable to the judgment and any reasonable inferences from that evidence. *Id.*

[5] Mother argues the trial court abused its discretion because it did not find a substantial change in circumstances to warrant modification and did not find

---

[1] The parties had previously stipulated Boyfriend would not be left unsupervised with the parties' children.

[2] The court found Mother in contempt for allowing Boyfriend to stay in the house. It stated the "nature and severity [of sanctions] will be determined by how well [Mother] abides by this Court's orders, and whether parental alienation or other improper influence regarding the children continues to be an issue." (App. at 46.) The court ordered Father to remove his cats from his household because one of the children was allergic to cats.

the modification was in the best interest of the children.[3] *See Lamb v. Wenning*, 600 N.E.2d 96, 99 (Ind. 1992) (when the reviewing court cannot, with confidence, state what standard the trial court used to change custody, remand is justified).

[6] Father argues that because of the way in which the relocation statute interacts with the custody modification statute, the trial court was not required to make such findings.

[7] The chapter of the Indiana Code that controls the modification of custody provides:

> (a) The court may not modify a child custody order unless:
>
> > (1) the modification is in the best interests of the child; and
> >
> > (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8[4] and, if applicable, section 8.5 of this chapter.

---

[3] Mother also asserts the court abused its discretion by changing custody *sua sponte*. The court did not change custody *sua sponte*. Pursuant to Trial Rule 15(B), if "issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." *See Higginbotham v. Higginbotham*, 822 N.E.2d 609, 613 (Ind. Ct. App. 2004). The relocation statute states in pertinent part: "Upon motion of a party, the court shall set the matter for a hearing to review and modify, if appropriate, *a custody order*, parenting time order, grandparent visitation order, or child support order." Ind. Code § 31-17-2.2-1(b) (emphasis added). Mother impliedly consented to have custody considered at the hearing when she petitioned to relocate, and the court did not modify custody *sua sponte*. *See Baxendale v. Raich*, 878 N.E.2d, 1252, 1253 (Ind. 2008) (trial court may order a change of custody on relocation).

[4] That section provides:

> The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, there is no presumption favoring either parent. The court shall consider all relevant factors, including the following:
> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.

(b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.

(c) The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 and, if applicable, section 8.5 of this chapter.

Ind. Code § 31-17-2-21 (footnote added).

However, when one parent petitions to relocate and the other parent objects to relocation, the court must also consider other factors:

(c) The relocating individual has the burden of proof that the proposed relocation is made in good faith and for a legitimate reason.

(d) If the relocating individual meets the burden of proof under subsection (c), the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child.

Ind. Code § 31-17-2.2-5. The court must take into account:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

---

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4) The interaction and interrelationship of the child with:
 (A) the child's parent or parents;
 (B) the child's sibling; and
 (C) any other person who may significantly affect the child's best interests.
(5) The child's adjustment to the child's:
 (A) home;
 (B) school; and
 (C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.
Ind. Code § 31-17-2-8.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

Ind. Code § 31-17-2.2-1(b).

[9] The relocation statute "is a self-contained chapter and does not by its terms refer to the general change of custody provisions." *Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008). It introduces new factors to be balanced while also requiring considering the best interest of the child. *Id.* The relocation statute "incorporates all of the Section 8 considerations, but adds some new ones. Because consideration of the new factors might at least theoretically change this balance, the current [relocation] statutory framework does not necessarily require a substantial change in one of the original Section 8 factors." *Id.*

[10] As the relocation statute permits the court to "consider relocation of a child as a factor in determining whether to modify a custody order," Ind. Code 31-17-2.2-2(b), the court may "entertain a custody modification in the event of a significant proposed relocation without regard to any change in the Section 8

factors." *Baxendale*, 878 N.E.2d at 1257. "A custodial parent's relocation, alone, will not support a modification of custody; rather, it is the effect of the move upon the child that renders a relocation substantial or inconsequential - *i.e.*, against or in line with the child's best interests - when determining whether to change custody." *Green*, 843 N.E.2d at 27. Thus, to determine whether the court erred in modifying custody, we must review the court's order and what factors it used to determine whether the relocation was "substantial or inconsequential – *i.e.* against or in line with the child's best interests." *Id.*

[11] The pertinent parts of the order state:

> 4.     The most difficult and important issue is [Mother's] request to relocate the children to Seymour, Indiana. This is her second attempt to leave Marion County; the other having been filed shortly before the date of the final hearing. The first request was denied. This was due in part to [Domestic Relations Counseling Bureau's] recommendation that [Father] receive parenting time in excess of the Guidelines, and [Mother's] request to move the children to Colorado, if granted, would have resulted in a significant decrease in [Father's] overnight visits.
>
> * * * * *
>
> 6.     As to [Mother's] request to relocate, the marital residence where she and the children now reside is listed for sale and will be sold. [Mother] requested that she and the children relocate to Seymour, Indiana, where her family resides and many of [Father's] family also reside. [Father] works in Edinburgh, Indiana, and many of the exchanges throughout this process have taken place at his place of business because the maternal grandmother, who is the principal caregiver for the children,[5] resides in Seymour, Indiana. [Mother] states that she will reside in her family home along with her parents,

---

[5] The record indicates "principal caregiver" in this instance meant "daycare provider."

children, and with [Boyfriend] at some point in the future if the Court agrees to modify the prohibition against [Mother] and [Boyfriend] residing in the same household.

7.      Having considered all the allegations and evidence presented regarding the relocation, the Court grants [Mother's] petition to relocate to Seymour, but also accepts and orders [Father's] custody and parenting time plan, as seen in his Exhibit "A" attached hereto. Given that [Father] will now have a greater number of overnights per month than [Mother], he now has primary physical custody. The parties are ordered to submit revised support worksheets within 10 days.

(App. at 44-46) (footnote added).

[12]    While the trial court did state it "considered all the allegations and evidence presented," (App. at 45), it did not articulate what allegations and evidence were considered that would impact the best interests of the children. Our Supreme Court held, in *Wilson v. Myers*, 997 N.E.3d 338 (Ind. 2013), that although the trial court had mentioned "looking at 'the whole picture' in making its decision, . . . [the order] provided no insight into what was contained in that picture[.]" *Id.* at 341. This is analogous to the situation before us. Much testimony was heard by the trial court but nothing was reduced to writing.

[13]    While it seems apparent the move was made in good faith because the marital residence is either for sale or sold, that is merely the first step of consideration of a relocation request. *See* Ind. Code § 31-17-2.2-5. After good faith is established, the nonrelocating parent must show the move is not in the best interest of the children. *Id.* We cannot assume from the order entered that the court so found. We have no indication how the trial court applied any factors

from either section 8 or the relocation statutes. By not providing a justification, the trial court abused its discretion when modifying custody, and we reverse and remand to the trial court to explain why Mother's relocation requires a modification of custody. *See Green*, 843 N.E.2d at 28-29 (lack of explanation in the order of factors causing denial of modification of custody required reversal and remand).

## Conclusion

As the trial court did not provide an explanation why it concluded a change of custody was required, we must reverse and remand for further findings.

Reversed and remanded.

Crone, J., and Bradford, J., concur.